IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:04CR337 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| TAMARA SHEFFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing Nos. 158, 160) filed by the Defendant, Tamara Sheffield.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Sheffield was originally sentenced on April 4, 2005, to six months imprisonment and three years supervised release.  (Filing No. 85.)  Her supervised release was revoked, and on March 3, 2008, she was sentenced in the supervised release matter to 24 months with no supervision to follow.  (Filing No. 155.)  The Judgment was filed on March 4, 2008, including recommendations to the Bureau of Prisons ("BOP") that she be incarcerated as close to Omaha, Nebraska, as possible and that she be given credit for time served in federal custody.  (Filing No. 155.)  On May 22, 2008, and September 5, 2008, Sheffield filed her motions under § 2255.  On October 3, 2008, an Amended Judgment was filed

adding a recommendation to the BOP that she participate in the BOP's 500-hour comprehensive drug treatment program or in a similar available drug program. A direct appeal has not been filed following either the original or Amended Judgment in the supervised release matter.

## DISCUSSION

In her § 2255 motion, Sheffield raises the following matters: she asks to be recommended for the 500-hour BOP comprehensive drug treatment program (Claim One); she asks that she be credited for 34 additional days of time served (Claim Two); and she asks to be placed closer to Omaha, Nebraska (Claim Three).

### *Drug Treatment Program*

The BOP determines a defendant's eligibility for drug treatment programs depending on factors including, but not limited to, appropriations and the defendant's release date. 18 U.S.C. § 3621(e). The Court recommended participation in the BOP's 500-hour program. (Filing No. 161.)

### *Credit for Time Served*

18 U.S.C. § 3585 controls the date on which a federal sentence begins. Only the BOP decides the date. *United States v. Hayes,* 535 F.3d 907, 910 (8th Cir. 2008) (citing *United States v. Wilson,* 503 U.S. 329, 335 (1992)), *petition for certiorari filed,* __ U.S.L.W. __ (U.S. Nov. 5, 2008) (No. 08-7215). The Court recommended to the BOP that Sheffield receive credit for time served. (Filing Nos. 155, 161.)

### *Placement*

The BOP determines a defendant's place of imprisonment taking into consideration factors such as: the resources of the potential facilities; the nature of the offense; the defendant's history and characteristics; the sentencing court's recommendations; and the

2

Sentencing Commission's policy statements.  18 U.S.C. § 3621(b).  The Court recommended to the BOP that the Defendant be placed as close to Omaha, Nebraska, as possible.  (Filing Nos. 155, 161.)

## CONCLUSION

All of the issues raised are matters within the discretion of the BOP.  If these matters are not resolved to the Defendant's satisfaction, she should initiate any further action through the BOP.  These matters do not entitle the Defendant to relief under § 2255.  The Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1.	The Court has completed the initial review of the Defendant's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing Nos. 158, 160);

2.	Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motions, and the motions (Filing Nos. 158, 160) are summarily denied;

3.	A separate Judgment will be issued denying the § 2255 motions; and

4.	The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 6th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge